RECEIVED
FEB 1 0 2023
CLERK
U.S. DISTRICT COURT

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2023 FEB 10 PM 1: 12
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER A. GEORGE, | : |
| PLAINTIFF, | : |
| VS. | : Case No: 8:23CV56 |
| JEANIE H. GEORGE, | : |
| DEFENDANT. | : |

## COMPLAINT AT LAW AND IN EQUITY

AND NOW, comes the Plaintiff, Alexander George, by and through himself, *pro se*, to file the instant complaint and in support thereof avers as follows:

1. The Plaintiff hereby initiates the instant action against the Defendant by way of defamation of character as well as other relevant and pertinent torts and claims arising out of the Defendant's false and defamatory claims made to third parties with the intent to incriminate the Plaintiff thereby giving rise to the instant action.

2. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

3. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## JURISDICTION AND VENUE

4. This is a civil action authorized under 28 U.S.C. § 1331 as the damages requested in the instant matter exceed the minimal jurisdictional amount of this Court.

5. Venue is proper as the Defendant is a resident of this district and the Defendant has engaged in the misrepresentations of material fact within the instant district and the effects of their fraud and

misrepresentations have impacted the Plaintiff as a resident outside of this district thereby satisfying diversity jurisdiction requirements.

## PARTIES

6. PLAINTIFF - is Alexander A. George who is a resident outside of this district with an address of 2001 Newcastle Circle, Plano, Texas 75075.

7. DEFENDANT - is Jeanie H. George - the Defendant in the instant matter is a resident of the instant district with an address of 640 Bailey Circle Papillion, Nebraska 68046,

## STATEMENT OF FACTS

8. The Plaintiff hereby initiates the instant action against the Defendant by way of defamation of character as well as other relevant and pertinent torts and claims arising out of the Defendant's false and defamatory claims made to third parties with the intent to incriminate the Plaintiff thereby giving rise to the instant action.

9. As shown in the exhibits attached, the Defendant communicated false and defamatory information to third parties with the intent to incriminate the Plaintiff falsely and erroneously by stating that the Plaintiff abused the Defendant and that the Plaintiff was afraid he would get in trouble so he tried to say it was the Defendant to get the Defendant in trouble and that no charges were filed as a result.

10. However, the evidence attached shows that during the incident described that the Defendant engaged in criminal domestic violence against the Plaintiff and that the Defendant was charged with criminal domestic violence due to the injuries sustained by the Plaintiff as a result of the same as evidenced in the arresting officer's report attached herein as an exhibit as well.

11. Despite awareness of this, the Defendant communicated to third parties that the Plaintiff abused the Defendant and that he is engaging in stalking and harassing conduct in order to

incriminate the Plaintiff in the instant matter which is false and defamatory thereby causing reputational harm to the Plaintiff and giving rise to the instant matter.

12. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

13. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## COUNT I

## DEFAMATION

14. The Plaintiff hereby references and incorporates Paragraph 1 through 13 as if though set forth herein at length.

15. Under Nebraska law, "[d]efamation is of two types." Hatcher v. McShane, 670 N.W.2d 638, 644 (Neb. Ct. App. 2003). There are statements that are actionable per se, that is, in themselves, or words may be actionable per quod, that is, only on allegation and proof of the defamatory meaning of the words used and of special damages. K Corp. v. Stewart, 526 N.W.2d 429, 434 (Neb. 1995).

16. By definition, statements constituting slander per se are unambiguous in their defamatory meaning and do not require proof of extraneous facts. Hennis v. O'Connor, 388 N.W.2d 470, 476 (Neb. 1986).

17. Spoken or written words are slanderous or libelous per se only if they falsely impute the commission of a crime involving moral turpitude, an infectious disease, or unfitness to perform the duties of an office or employment, or if they prejudice one in his or her profession or trade or tend to disinherit one. Matheson v. Stork, 477 N.W.2d 156, 160-61 (Neb. 1991).

18. In a suit for slander per se, no proof of any actual harm to reputation or any other damage is required for the recovery of either nominal or substantial damages. McCune v. Neitzel, 457 N.W.2d 803, 810 (Neb. 1990).

19. Thus, a claim of defamation requires (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Norris v. Hathaway, 561 N.W.2d 583, 585 (Neb. Ct. App. 1997).

20. In an action for defamation, the damages that can be recovered are (1) general damages for harm to reputation; (2) special damages; (3) damages for mental suffering; and (4) if none of these are proven, nominal damages. See Hall v. Vakiner, 248 N.W. 70, 71 (Neb. 1933) harm to reputation and mental suffering); Hruby v. Kalina, 424 N.W.2d 130,132 (Neb. 1988) (explaining that words which are not slanderous per se do not constitute a basis for recovery of damages in the absence of a specific allegation of special damages); Hutchens v. Kuker, 96 N.W.2d 228, 231 (Neb. 1959)(nominal damages).

21. In the instant matter, the Defendant communicated false and defamatory information to third parties with the intent to incriminate the Plaintiff falsely and erroneously by stating that the Plaintiff abused the Defendant and that the Plaintiff was afraid he would get in trouble so he tried to say it was the Defendant to get the Defendant in trouble and that no charges were filed as a result.

22. However, the evidence attached shows that during the incident described that the Defendant engaged in criminal domestic violence against the Plaintiff and that the Defendant was charged

4

with criminal domestic violence due to the injuries sustained by the Plaintiff as a result of the same as evidenced in the arresting officer's report attached herein as an exhibit as well.

23. Despite awareness of this, the Defendant communicated to third parties that the Plaintiff abused the Defendant and that he is engaging in stalking and harassing conduct in order to incriminate the Plaintiff in the instant matter which is false and defamatory thereby causing reputational harm to the Plaintiff and giving rise to the instant matter.

24. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

25. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## COUNT II

### FRAUDULENT MISREPRESENTATION

26. The Plaintiff hereby references and incorporates Paragraph 1 through 25 as if though set forth herein at length.

27. To state a claim for fraudulent misrepresentation under Nebraska law, a plaintiff must allege (1) that a representation was made; (2) that the representation was false; (3) that when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) that the representation was made with the intention that the plaintiff should rely on it; (5) that the plaintiff did so rely on it; and (6) that the plaintiff suffered damage as a result. Zawaidah v. Neb. Dep't of Health and Human Servs. Regulation and Licensure, 825 N.W.2d 204, 212 (Neb. 2013).

28. In the instant matter, the Defendant communicated false and defamatory information to third parties with the intent to incriminate the Plaintiff falsely and erroneously by stating that the Plaintiff abused the Defendant and that the Plaintiff was afraid he would get in trouble so he tried to say it was the Defendant to get the Defendant in trouble and that no charges were filed as a result.

29. However, the evidence attached shows that during the incident described that the Defendant engaged in criminal domestic violence against the Plaintiff and that the Defendant was charged with criminal domestic violence due to the injuries sustained by the Plaintiff as a result of the same as evidenced in the arresting officer's report attached herein as an exhibit as well.

30. Despite awareness of this, the Defendant communicated to third parties that the Plaintiff abused the Defendant and that he is engaging in stalking and harassing conduct in order to incriminate the Plaintiff in the instant matter which is false and defamatory thereby causing reputational harm to the Plaintiff and giving rise to the instant matter.

31. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

32. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. The Plaintiff hereby references and incorporates Paragraph 1 through 32 as if though set forth herein at length.

34. The elements of the tort of intentional infliction of emotional distress, sometimes referred to as the tort of outrage, are (1) that there has been intentional or reckless conduct, (2) that the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized community, and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. Gall v. Great Western Sugar Co., 219 Neb. 354, 363 N.W.2d 373 (1985). Under this theory of recovery, "outrageous" conduct is actionable "only where the emotional distress has in fact resulted, and where it is severe." Restatement (Second) of Torts § 46, comment j. at 77 (1965). According to the Restatement, [e]motional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises.Id. See, also, Davis v. Texaco, Inc., 210 Neb. 67, 313 N.W.2d 221 (1981) (White, J., concurring).

35. In the instant matter, the Defendant communicated false and defamatory information to third parties with the intent to incriminate the Plaintiff falsely and erroneously by stating that the Plaintiff abused the Defendant and that the Plaintiff was afraid he would get in trouble so he tried to say it was the Defendant to get the Defendant in trouble and that no charges were filed as a result.

36. However, the evidence attached shows that during the incident described that the Defendant engaged in criminal domestic violence against the Plaintiff and that the Defendant was charged with criminal domestic violence due to the injuries sustained by the Plaintiff as a result of the same as evidenced in the arresting officer's report attached herein as an exhibit as well.

37. Despite awareness of this, the Defendant communicated to third parties that the Plaintiff abused the Defendant and that he is engaging in stalking and harassing conduct in order to incriminate the Plaintiff in the instant matter which is false and defamatory thereby causing reputational harm to the Plaintiff and giving rise to the instant matter.

38. A reasonable jury can infer that the Defendant's conduct of attempting to incriminate the Plaintiff falsely and erroneously can be considered to be extreme and intolerable in a civilized community enough to constitute a claim of intentional infliction of emotional distress.

39. As a direct and proximate cause of the misconduct complained of, the Plaintiff suffered economic and non-economic damages amounting to the relief sought in the instant action.

40. The Plaintiff is seeking compensatory and punitive damages for each of the causes of action described herein in an amount to be determined in a trial by jury as well as any and all other relief deemed necessary and applicable. *Exibit 1A Exibit 1B Included*

## JURY TRIAL DEMANDED

41. The Plaintiff hereby demands a trial by jury with regards to any and all genuine disputes of material facts pertaining to the instant matter.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff hereby respectfully requests this Honorable Court enter judgment in favor of the Plaintiff as follows:

A. Compensatory Damages - in an amount to be determined in a trial by jury.

B. Punitive Damages - in an amount to be determined in a trial by jury.

C. Injunctive Relief - Ordering the Defendants to correct the misrepresentations complained of.

D. Any and All Other Relief Deemed Necessary And Applicable.

Dated: February 8, 2023                    Respectfully Requested,

                                           _____

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALEXANDER A. GEORGE

## DEFENDANTS
JEANIE H. GEORGE

RECEIVED
FEB 10 2023
CLERK
U.S. DISTRICT COURT

**(b)** County of Residence of First Listed Plaintiff: COLLIN
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: SARPY COUNTY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
2001 Newcastle Circle, Plano, Texas 75075

Attorneys *(If Known)*
640 Bailey Circle Papillion, Nebraska 68046

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [x] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights [ ] 555 Prison Condition [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1331 - DIVERSITY

Brief description of cause:
DEFAMATION - FRAUDULENT MISREPRESENTATION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** >$75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: Feb 8, 23
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.




