IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER A. GEORGE,<br><br>    Plaintiff,<br><br> vs.<br><br>JEANIE H. GEORGE and BEN BELMONT,<br><br>    Defendants. | 8:23-CV-56<br><br><br>MEMORANDUM AND ORDER |

The plaintiff, Alexander A. George, sued the defendants, Jeanie H. George and Ben Belmont, for defamation, fraudulent misrepresentation, intentional infliction of emotional distress, and due process violations. This matter is before the Court on the defendants' Motions to Dismiss the plaintiff's complaint, and Motions for Sanctions. (Filing 9; filing 16; filing 25; filing 29). The plaintiff has filed a motion for leave to amend his complaint. Filing 18. The Court will grant Belmont's motion to dismiss, and Jeanie's motion to dismiss will be granted in part and denied in part. The Court will deny the motions for sanctions at this time. The plaintiff's motion to amend will be denied.

## I. BACKGROUND

The plaintiff is a citizen of Texas and Jeanie is his ex-wife and a citizen of Nebraska. Filing 1; filing 5. Ben Belmont is a citizen of Nebraska and an attorney practicing in Omaha, Nebraska. Belmont represented Jeanie in the divorce case as well as other cases in this Court.

Prior to this case, the plaintiff and the defendants have been parties to numerous state and federal actions, and plaintiff has previously sued Belmont in federal court.

### 1. STATE COURT PROCEEDINGS

On August 3, 2020, the plaintiff and Jeanie divorced in the District Court for Douglas County, Nebraska. *George v. George*, No. CI 17-10515 (Douglas Cty. Dist. Ct. Neb. 2017). The Court has reviewed the state court docket in the matter, which is ongoing. The Court has filed the docket report as an attachment to this memorandum and order. (Attachment 1).

The plaintiff filed a motion to vacate the dissolution decree, alleging that Jeanie and her attorney, Belmont, made material misrepresentations of fact during the marital dissolution trial. The plaintiff appealed the denial of his motion, and the Nebraska Court of Appeals affirmed the decision of the District Court for Douglas County. *George v. George*, No. A-22-883, 2023 WL 5355272, at *1 (Neb. Ct. App. Aug. 22, 2023), review denied (Oct. 19, 2023). The plaintiff filed a motion to transfer venue to the District Court for Lancaster County, which was denied. In December 2023, the plaintiff served Jeanie with a new Complaint to Vacate Decree of Dissolution. Jeanie has filed a motion to dismiss the complaint which is still pending before the District Court for Douglas County.

The plaintiff was charged with Count 1: Violation of Harassment Protection Order against Jeanie in the County Court of Sarpy County. *State v. George*, Case No. CR 21-2308 (Sarpy Cty. Ct. 2021). The plaintiff ultimately entered a guilty plea to one count of disturbing the peace and his sentence included a term of nine months of probation. (Attachment 2).

## 2. FEDERAL COURT PROCEEDINGS

In August 2021 in a federal district court in Texas, the plaintiff sued the defendants in this case, another attorney, and the state judge who presided in his divorce proceeding. *See George v. George, et al,* Co. 3:21-CV-2048-B. (N.D. Tex. Aug. 27, 2021). The plaintiff alleged tort and RICO violations, but he voluntarily dismissed his lawsuit in October 2021.

The plaintiff first sued Belmont in this district in 2020 for various tort claims arising out of Belmont's representation of Jeanie during their divorce proceedings. *See George v. Belmont,* No. 8:20-CV-529, 2021 WL 2117243, at \*1 (D. Neb. May 25 2021), *aff'd,* No. 21-2260, 2021 WL 5895134 (8th Cir. Dec. 14, 2021). The Court dismissed that case based on *Younger* abstention, because the plaintiff and Jeanie had pending motions in state court to modify their divorce decree. *Id.* at \*4 (citing *Younger v. Harris,* 401 U.S. 37 (1971)).

Undeterred, the plaintiff filed *another* action in this district against Belmont, Belmont's law partner, and Jeanie. See case no. 8:21-cv-424. As to Belmont and Jeanie, the plaintiff's complaint alleged claims for intentional infliction of emotional distress, RICO, "fraud on the court," civil conspiracy, and fraud. Filing 1 at 14-17 in case no. 8:21-cv-424. Additionally, he alleged a claim for deprivation of procedural due process against Belmont, and a claim for defamation against Jeanie. On March 28, 2022, the plaintiff and the defendants stipulated to the dismissal of the plaintiff's complaint with prejudice and stipulated to the withdrawal of the defendants' motion for rule 11 sanctions. Judgment was issued accordingly. *See* filing 30 in case no. 8:21-cv-424.

In this case, the complaint alleges "This is a civil action authorized under 28 U.S.C. § 1331 as the damages requested in the instant matter exceed the minimal jurisdiction amount of this Court." Filing 5 at 1. The plaintiff alleges

claims against Belmont and Jeanie for intentional infliction of emotional distress, fraudulent misrepresentation, defamation, and an additional claim against Belmont for seizure of property without due process. The plaintiff requests compensatory damages, punitive damages, and injunctive relief.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

Rule 12(b)(1) motions can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts. *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir. 2008). The party asserting subject matter jurisdiction bears the burden of proof. *Great Rivers Habitat All. v. Fed. Emergency Mgt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015). In a facial attack, the Court merely needs to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* Accordingly, the Court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)—that is, the Court accepts all factual allegations in the pleadings as true and views them in the light most favorable to the nonmoving party. *Id.*; *Hastings v. Wilson*, 516 F.3d 1055, 1058 (8th Cir. 2008).

4

A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" entails that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). The defendants are making a facial attack and the arguments focus on George's allegations in the first amended complaint. The Court will therefore liberally construe the plaintiff's pleadings and view the facts in the light most favorable to him. *See Topchian v. J.P. Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must also contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* The Court must assume the truth of the plaintiff's factual allegations, and a well-pleaded complaint may proceed, even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)

But the facts alleged must raise a reasonable expectation that discovery will reveal evidence to substantiate the necessary elements of the plaintiff's claim. *Id.* at 545. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal* at 678. Where the well-pleaded facts do not permit the Court to infer more than the mere possibility

of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief. *Id.* at 679.

## III. DISCUSSION

Belmont asserts the Court lacks subject matter jurisdiction under either 28 U.S.C. § 1331 and 28 U.S.C. § 1332. The defendants also variously argue that the plaintiff fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6); that the plaintiff has not satisfied the pleading requirements under Fed. R. Civ. P. 8; and that this Court should abstain because the complaint is related to the underlying state court proceedings or is a collateral attack on the underlying state court proceedings. Filing 9; filing 16. Jeanie and Belmont have each moved for sanctions under Fed. R. Civ. P. 11. Filing 25; filing 29.

### 1. MOTION TO DISMISS

#### (a) Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 or 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

#### (i) Federal question

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal question jurisdiction only exists "when a federal question is

presented on the face of the plaintiff's properly pleaded complaint." *Id*. However, "[i]f the asserted basis of the federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005).

The plaintiff alleges Jeanie violated his "14th Amendment rights to familiar [sic] integrity," and that Belmont unlawfully seized his property when Belmont retained George's property allegedly owed to him through the August 2020 decree of dissolution of marriage. Filing 5 at 3, 7.

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. Because due process rights are protected only against infringement by state actors, *see* U.S. Const. amend. XIV § 1, the action involved must include conduct that is "fairly attributable" to a state actor. *Meier v. City of St. Louis*, 78 F.4th 1052 (8th Cir. 2023) (citing *Luger v. Edmondson Oil Co.,* 457 U.S. 922 (1982)).

The plaintiff makes no allegation that either defendant is a state actor or that their conduct is attributable to the state. And, although lawyers are often referred to as "officers of the court" in a general sense, private attorneys are not state actors so as to subject them to claims for Fourteenth Amendment violations. *See In re Application of Griffiths,* 413 U.S. 717, 728-29 (1973).

The plaintiff's remaining claims for defamation, intentional infliction of emotional distress, and fraudulent misrepresentation are all asserted under Nebraska law. Consequently, there is no discernable "federal question" alleged in the complaint.

7

*(ii) Diversity*

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, and where the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). A complaint will be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the value of the claim does not exceed $75,000. *Jones v. Burns*, 330 F. App'x 624, 624 (8th Cir. 2009). The $75,000 amount in controversy requirement is met if the sum claimed by the plaintiff is made in good faith. *DuBose v. Int'l House of Pancakes*, 989 F.2d 504 (8th Cir. 1993). If the amount in controversy is challenged, the party invoking jurisdiction must prove the amount in controversy by a preponderance of the evidence. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005)

"[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)

The defendants concede that the parties are diverse, but challenge whether the plaintiff has established a claim for damages in excess of the jurisdictional amount. The plaintiff argues he is able to satisfy the amount in controversy requirement when considering punitive and exemplary damages. Filing 20 at 4-5. Although the plaintiff is a citizen of Texas where exemplary or punitive damages are allowed, this case is governed by Nebraska substantive law. *See Floyd Cnty. Mut. Ins. Ass'n v. CNH Indus. Am. LLC,* 18 F. 4th 1024, 1025 (8th Cir. 2021) ("In a diversity case, state law governs the extent of damages available to a successful plaintiff."). Under Nebraska law,

"punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction. *O'Brien v. Cessna Aircraft Co.,* 298 Neb. 109, 139, 903 N.W.2d 432, 458 (2017).

However, a portion of George's complaint asserts he is entitled to damages for defamation. The plaintiff has alleged that due to the defendants' defamatory statements, he suffered economic and non-economic damages, his reputation and relationships with friends and colleagues has been harmed, and his relationship with his children has been harmed.

"In recognition of the interests involved in a defamation action and the difficulty of proof in this area, [The Nebraska Supreme Court] has declared that in an action for libel or slander, the amount of damages is almost entirely in the jury's discretion." *McCune v. Neitzel,* 457 N.W.2d 803, 811 (1990). In an action for defamation, a plaintiff may recover general damages for harm to reputation, special damages, damages for mental suffering, or, if the plaintiff cannot prove those damages, nominal damages. *Id.* (collecting cases).

At this early stage of the proceedings, drawing all inferences of law and fact in favor of the plaintiff, it cannot be stated that it appears to a legal certainty that George cannot recover more than $75,000, particularly where he has not yet been given the opportunity to present evidence related to damages. The plaintiff has sufficiently alleged a basis of subject matter jurisdiction.

(b) Defamation

In Nebraska, a defamation claim has four elements: (1) false and defamatory statement concerning the plaintiff, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Steinhausen v. HomeServices of Neb., Inc.,* 857 N.W.2d 816, 828 (Neb. 2015). "A

communication is defamatory if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Id.*

"The threshold question in a defamation suit is whether a reasonable fact finder could conclude that the published statements imply a provably false factual assertion." *Id.* (citing *Wheeler v. Nebraska State Bar Ass'n*, 508 N.W.2d 917 (Neb. 1993)). But opinion statements are protected by the First Amendment and cannot be actionable as defamation. *Id.* Distinguishing between a statement of fact and a statement of opinion presents a question of law for the trial judge to decide. *Id.* In deciding whether a statement is a statement of fact or a statement of opinion, a trial judge should consider whether the general tenor of the entire work negates the impression that the defendant asserted an objective fact, whether the defendant used figurative or hyperbolic language, and whether the statement is susceptible of being proven true or false. *Id.*

In considering the three factors above, "context is important to whether an ordinary reader would view a statement as one of fact or opinion." *Id.* (citation omitted). In addition to the content of the communication, the Court looks to the "knowledge, understanding, and reasonable expectations of the audience to whom the communication was directed, taking cues from 'the broader setting in which the statement appears.'" *Id.* at 829 (citation omitted). Further, "[w]ords, particularly pejorative ones, often have both a literal and figurative meaning." *Id.*

Whether language is hyperbolic is relevant to distinguishing fact from opinion. *Id.* Rhetorical hyperbole, "language that, in context, was obviously understood as an exaggeration, rather than a statement of literal fact," is not actionable. *Id.* Rhetorical hyperbole includes abusive epithets, vulgarities, and

profanities. *Id.* Generally, name calling falls under the category of rhetorical hyperbole. *Id.* Courts have held that "statements potentially referring to the plaintiff's mental health, such as raving maniac, pitiable lunatic[ ], wacko, nut job, ... hysterical, crazy, and crank were statements of opinion" and thus not actionable. *Id.*

### *(i) Jeanie George (Count I)*

Jeanie argues that the plaintiff's lawsuit is based on statements in a 2004 police incident report (Filing 1-2), which were made during a judicial proceeding and she is afforded absolute immunity, and that any claims related to the 2004 report are barred by the statute of limitations.

However, it appears to the Court that the 2004 police incident report is attached to the complaint to demonstrate the falsity of, or to undermine the credibility of Jeanie's more recent statements about him. The plaintiff alleges Jeanie told his family members, neighbors, and school officials that he stalked and harassed her, and these statements "alienated the Plaintiff's children from him and harmed Plaintiff's reputation and relationships with friends and colleagues." Filing 5 at 7. He alleges that he suffered economic and non-economic damages as a result of these statements. In response to the motions to dismiss, the plaintiff seeks leave to amend his complaint to add a statement that the "allegations set forth in this count occurred within 12 months preceding the filing of this action and continue to the present date." Filing 18 at 14. The plaintiff seems to agree that the alleged defamation at issue in this case is limited to only those statements which were not and could not have been at issue in his prior complaints. *See* filing 20 at 6 ("These matters, pertaining to defamatory communications made to non-judicial related individuals from May of 2022 onward, have not been litigated previously").

11

While there are limited details provided, at this *early stage of the proceedings,* a liberal reading of the plaintiff's complaint states a plausible claim that Jeanie communicated false statements concerning the plaintiff to numerous third parties which were capable of harming the reputation of the plaintiff and his relationships with those third parties. *See Solomon,* 795 F.3d at 787. The nature of the statements (factual versus opinion) is a question for the Court to be decided on a more complete record. *See Steinhausen,* 857 N.W.2d at 828. Jeanie's motion to dismiss the plaintiff's defamation claim will be denied. The time-frame for this claim is narrowed to the twelve months preceding the filing of the complaint on February 10, 2023 and there is no need for the plaintiff to amend the complaint.

### *(ii) Benjamin Belmont (Counts I and II)*

As to Count I, although the claim for defamation is alleged as to both defendants, the statements were allegedly made by Jeanie. On its face, Count I does not state a claim for defamation against Belmont and must be dismissed.

As to Count II, alleged against Belmont only, the plaintiff only states:

> Defendant Belmont stated that Plaintiff owed money to Edward Wintroub. Defendant Belmont claimed that Mr. Wintroub had a lien related to legal services provided to Plaintiff and that Defendant Belmont needed to protect said lien. Defendant Belmont knew that Wintroub had fabricated and inflated his invoice for legal services provided to Plaintiff. Defendant Belmont had personal knowledge that Mr. [Wintroub] did not have a valid lien.

12

Filing 5 at 7. This is an insufficient factual basis to state a claim for defamation. There is no allegation that Belmont made any statement to a third party, or that a statement by Belmont caused any damages.

Elsewhere in the complaint, the plaintiff alleges Jeanie was "coached into engaging" in the alleged defamatory communication by Belmont "under the pretense that the communication was privileged." Filing 5 at 2. By definition, the defendant in a defamation suit must publish the defamatory statement to a third party, (*see Steinhausen* at 828), so any claim against Belmont for *his client's* alleged defamatory statements must fail.

(c) Seizure of Property Without Due Process (Belmont Count III)

Count III of the complaint in this case is directed to Belmont. The plaintiff alleges Belmont improperly retained property the plaintiff was entitled to through the plaintiff and Jeanie's decree of dissolution. Belmont argues that abstention is appropriate because the allegations in the plaintiff's complaint should be addressed by the state court. Specifically, the defendants argue that all of plaintiff's contentions in Count III relate to the state court proceedings between the plaintiff and Jeanie, and matters related to the dissolution decree are ongoing.

Abstention is a doctrine designed to promote federal-state comity and is required when a federal court decision would disrupt the establishment of coherent state policy. *Ankenbrandt v. Richards,* 504 U.S. 689, 704-705 (1992). Abstention from the exercise of federal jurisdiction is the exception, not the rule. *Id.* at 705. And abstention rarely should be invoked because the federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Id.*; *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976). But abstention under *Younger v. Harris,* 401 U.S. 37 (1971) and its progeny may be appropriate where a state proceeding is ongoing or

important state interests are at stake. See *Ankenbrandt,* 504 U.S. at 705; *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Yamaha Motor Corp., U.S.A. v. Stroud,* 179 F.3d 598, 602 (8th Cir. 1999); *Amerson v. Iowa,* 94 F.3d 510, 512 (8th Cir. 1996). In particular, *Younger* abstention is applicable where the state proceeding qualifies as (1) a criminal prosecution, (2) a civil enforcement proceeding that is akin to a criminal prosecution, or (3) a proceeding implicating a state's interest in enforcing the orders and judgments of its courts. *Sprint Comm., Inc. v. Jacobs,* 571 U.S. 69, 72-73 (2013); *Minn. Living Assistance, Inc. v. Peterson,* 899 F.3d 548, 552 (8th Cir. 2018).

This Court has previously applied abstention principles to claims between the plaintiff and Belmont, where the claims directly related to the action pending in state court.[1] In that earlier case, the plaintiff's claims rested on allegations that Belmont lied during the divorce trial. *George v. Belmont,* 2021 WL 2117243, at *4. This Court determined that awarding the plaintiff damages would be deliberately intended to undo the state court's property settlement based on factual findings necessarily contradicted by its decree. *Id.* Accordingly, the proceeding implicated the state's interest in enforcing the orders and judgments of its courts and substantially related to a pending state proceeding, making *Younger* abstention appropriate. *Id.*

---

[1] In *George v. Belmont,* this Court acknowledged that the state court case was between the plaintiff and Jeanie, while the federal case was between the plaintiff and Belmont, but found it was a distinction without a difference because the plaintiff's claim for damages against Belmont were based solely on the state court issuing a divorce decree that the plaintiff claimed was erroneous. *George v. Belmont,* No. 8:20-CV-529, 2021 WL 2117243 (D. Neb. May 25, 2021), *aff'd.,* No. 21-2260, 2021 WL 5895134 (8th Cir. Dec. 14, 2021).

The plaintiff references Alex and Jeanie George's Decree of Dissolution of Marriage, wherein the district court allegedly ordered Belmont to sell certain marital property and then distribute the profits between Jeanie and the plaintiff. If the plaintiff is requesting this court to interpret, reconsider, enforce, or modify the trial court's order, this court will decline; matters related to the decree of dissolution between Jeanie and George are squarely in the power of the deciding court. See *George v. Belmont*, 2021 WL 2117243, at *3 ("[A]bstention under *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny may be appropriate where a state proceeding is ongoing or other important state interests are at stake.").

Since the defendants filed their motions to dismiss this action, the Nebraska Court of Appeals has resolved the plaintiff's motion to vacate. *George v. George*, No. A-22-883, 2023 WL 5355272, at *1 (Neb. Ct. App. Aug. 22, 2023), (discussing the decree, sale of the vehicles at issue, and the adjustment of the profit distribution to account for debts, liens, and child support arrearage). After the mandate, the plaintiff filed a new complaint to vacate, and Jeanie filed a motion to dismiss the complaint. (Attachment 1). These issues are still pending before the trial court. This Court will again find that this claim implicates a state's interest in enforcing the orders and judgments of its courts, and is substantially related to a pending state proceeding, making *Younger* abstention appropriate. *George v. Belmont*, 2021 WL 2117243, at *4.

In his motion to amend, the plaintiff requests to add allegations to Count III that Belmont was an "Officer of the Court" and violated the plaintiff's constitutional rights because he has a vendetta or hate against the plaintiff because of his race, faith, and disability. Filing 5 at 8. The proposed amendment will not affect the Court's decision that abstention is appropriate. The motion to amend Count III will be denied.

15

(d) Fraudulent Misrepresentation (both defendants) (Count IV)

Under Nebraska law fraudulent misrepresentation requires proof that (1) a representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result. *Zawaideh v. Neb. Dep't of Health & Human Servs.,* 825 N.W.2d 204, 212 (Neb.2013). The plaintiff's claim for fraudulent misrepresentation centers on statements the defendants allegedly made to third parties. There is no allegation that the defendants made any false or reckless representations of any information *to the plaintiff* upon which he relied. *See id.*

The plaintiff does allege Jeanie made false and defamatory statements about him and that his reputation and relationships were impacted. The only statement the plaintiff alleges Belmont made was regarding the existence of an attorney's lien. The plaintiff's claim for fraudulent misrepresentation does not meet the pleading standard for Rule 8 and appears to be an attempt to replead defamation allegations under another heading. Count IV of the amended complaint will be dismissed.

(e) Intentional Infliction of Emotional Distress (Count V)[2]

To recover for intentional infliction of emotional distress, a plaintiff must prove (1) intentional or reckless conduct (2) that was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and is

---

[2] The plaintiff's due process claim against Belmont is also identified as Count III. In the complaint, the plaintiff's claim for intentional infliction of emotional distress is also identified as Count III, but is listed after Count IV.

to be regarded as atrocious and utterly intolerable in a civilized community and (3) that the conduct caused emotional distress so severe that no reasonable person should be expected to endure it. *Anderson v. Nebraska*, No. 4:17-CV-3073, 2018 WL 3009115, at *15 (D. Neb. June 15, 2018)*, aff'd*, No. 20-2751, 2021 WL 3730223 (8th Cir. Mar. 3, 2021). In order to be recoverable, emotional distress must be medically diagnosable and must be of sufficient severity that it is medically significant. *Id.*

The Nebraska Supreme Court has explained that emotional distress "passes under various names such as mental suffering, mental anguish, nervous shock, and includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, embarrassment, anger, chagrin, disappointment, and worry. However, it is only when emotional distress is extreme that possible liability arises." *Id.* (citing *Hassing v. Wortman*, 333 N.W.2d 765, 768 (Neb. 1983)); *see also* Restatement (Second) of Torts § 46 cmt. j (1965).

The allegations in the plaintiff's amended complaint are that the defendants communicated false and defamatory information to third parties to incriminate the plaintiff, and that the false and erroneous statements are so extreme and intolerable to constitute a claim for intentional infliction of emotional distress. The plaintiff alleges economic and non-economic damages, but has not alleged that he suffered any medically significant and diagnosable condition. The Nebraska Supreme Court has set a very high bar for the severity of recoverable emotional distress, and the plaintiff has not alleged sufficient facts to clear it. *See Anderson*, 2018 WL 3009115, at *13; *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021). The claim for intentional infliction of emotional distress will be dismissed as to both defendants.

2. MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff seeks to file an amended complaint setting forth additional allegations regarding the amount of damages in controversy, clarify the dates the alleged statements and actions occurred, and adding additional claims for violation of the Nebraska Deceptive Trade Practices Act and malicious prosecution.

Under Fed. R. Civ. P. 15(a)(2), unless a pleading may be amended under Rule 15(a)(1)(A), "a party may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so requires." The Supreme Court has directed that "this mandate is to be heeded" as long as there is an "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962). A motion for leave to amend is futile where the court reaches a legal conclusion that the proposed amendment cannot withstand a Rule 12 motion. See Doe v. Dardanelle Sch. Dist., 928 F.3d 722, 727 (8th Cir. 2019); In re Senior Cottages of America, LLC, 482 F.3d 997, 1001 (8th Cir. 2007). The opposing parties have not consented to the plaintiff's proposed amended complaint.

Although litigants are "freely give[n] leave" to amend pleadings, see Fed. R. Civ. P. 15(a)(2), they still have to "follow [the] proper procedures," Far E. Aluminium Works Co. v. Viracon, Inc., 27 F.4th 1361, 1367 (8th Cir. 2022). In this case, the plaintiff submitted a proposed amended complaint, but it does not "clearly identif[y] the proposed amendments." See NECivR 15.1(a). However, the Court will consider the plaintiff's motion to amend his complaint as supplemental to his complaint pursuant to NECivR 15.1(b) (Court may

consider pro se litigants' amended pleading as supplemental to, rather than as superseding, the original pleading). The court has considered the plaintiff's motion to amend on the merits.

### (a) Amendment of Previously-Asserted Claims

The plaintiff seeks to add an allegation that the actions giving rise to his claims for intentional infliction of emotional distress and defamation occurred within the 12 months preceding the filing of this action. In light of the above analysis, the Court finds that the proposed amended complaint suffers from the same deficiencies that warrant dismissal of many of the plaintiff's claims. Particularly as to the claims for intentional infliction of emotional distress, and the defamation claims against Belmont, amending the claim to add a time frame would be futile.

### (b) Nebraska Deceptive Trade Practices Act

The plaintiff alleges Jeanie is operating a business on social media and the Internet using the plaintiff's business name, and Jeanie's phone number. Filing 18 at 15. The plaintiff alleges this deceptive practice and behavior has continued for at least three years and was continuous to the date of filing. George alleges he has made multiple requests to Jeanie and Belmont to stop the alleged deceptive practice, but he has been ignored.

The proposed amendment is intertwined with the prior property settlement incident to the divorce proceeding. The parties' decree of dissolution, a copy of which was attached to the plaintiff's complaint in 8:20-cv-529 (filing 1-3), indicates the trial court determined the ownership of the Georges' businesses and phone numbers. As previously discussed, there are pending state court matters related to the decree and to resolve this claim, the Court would have to inquire into matters directly relating to the decree.

19

Abstention may be appropriate where state proceedings are ongoing or important state interests are at stake. As alleged against Jeanie, this claim would implicate the state's interest in enforcing the orders and judgments of its courts, and is substantially related to a pending state proceeding, making *Younger* abstention appropriate if the proposed claim were at issue in this court. *See Younger,* 401 U.S. 37; *Ankenbrandt,* 504 U.S. 689.

And, as to Belmont, any claim under the Nebraska Deceptive Trade Practices Act would necessarily have to align with the state court's rulings as to Jeanie and the plaintiff and could not be separately decided by this court. The motion to amend will be denied as to the plaintiff's request to add this claim in a second amended complaint.

### (c) Malicious Prosecution

To state a claim for malicious prosecution, a plaintiff must show: (1) proceedings were commenced or instituted against him or her; (2) the defendant caused the proceedings to be commenced or instituted; (3) the proceeding terminated in plaintiff's favor; (4) the defendant lacked probable cause to institute or procure the proceedings; (5) the defendant acted with malice; and (6) the plaintiff sustained damages. *McKinney v. Okoye,* 806 N.W.2d 571, 575 (Neb. 2011).

The proposed claim recites the elements of a claim and makes a conclusory statement that the defendants "conspired to have me incarcerated in Sarpy County, Nebraska in 2022 based upon false and fabricated allegations." Filing 18 at 16. This is insufficient to survive a 12(b)(6) motion to dismiss. *See Twombly,* 550 U.S. at 545. Although he does not identify the proceedings, specifically, he alleges that he was incarcerated in Sarpy County in 2022 as a result of the alleged wrongful proceedings. Taking judicial notice of the proceedings in *State v. George,* CR 21-2308 (Sarpy County Court,

20

Attachment 2), *see Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007), the plaintiff was adjudged guilty of disturbing the peace. To the extent that the criminal proceeding forms the basis for the plaintiff's proposed amendment, he is unable to satisfy the third element—because the plaintiff pled guilty, the proceeding did not terminate in his favor. The proposed amendment would not survive a Rule 12(b)(6) motion and is, therefore, futile. The motion to amend will be denied as to the plaintiff's request to add this claim.

### 3. MOTIONS FOR RULE 11 SANCTIONS

Both defendants have moved for sanctions pursuant to Fed. R. Civ. P. 11(c)(2). Rule 11 sanctions may be warranted when a pleading is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; contains allegations or factual contentions that lack evidentiary support; or contains denials of factual contentions that are not warranted on the evidence. *Whitten v. City of Omaha,* 199 F. Supp. 3d 1224, 1236 (D. Neb. 2016). "[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending." *Vallejo v. Amgen, Inc.,* 903 F.3d 733, 747 (8th Cir. 2018) (citation omitted). In the context of Rule 11, "appellate courts have forcefully suggested that trial courts consider which sanction constitutes the least severe sanction that will adequately deter the undesirable conduct." *Id.* (quotation omitted).

The Court has found that the plaintiff has adequately stated a claim for defamation against Jeanie. While the plaintiff is unable to frame the majority of his grievances as sustainable claims for relief, it was not beyond the pale for the plaintiff to believe that at least some of his dispute with the defendants is susceptible to judicial resolution. *Blues Events, LLC v. Lincoln Pro. Baseball,*

*Inc.*, No. 4:13-CV-3101, 2014 WL 347059, at *9 (D. Neb. Jan. 30, 2014). Accordingly, the motions for sanctions will be denied *at this point*.[3]

IT IS ORDERED:

1.    Ben Belmont's motion to dismiss (filing 16) is granted. All claims against Ben Belmont are dismissed.

2.    The Clerk of the Court is directed to terminate Ben Belmont as a party to this case.

3.    Jeanie George's motion to dismiss (filing 9) is granted in part and in part denied.

4.    The plaintiff's motion to amend (filing 18) is denied in its entirety.

5.    The defendants' motions for sanctions (filing 25; filing 29) are denied.

Dated this 29th day of March, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[3] Given the previous proceedings in this court, the other actions in state and federal court, and the other pending case in this district, filed after the initiation of this action (8:23-cv-338), the Court cautions the plaintiff to carefully consider this Order and the ongoing litigation in state court to avoid any unjustified and duplicative future litigation, which may be considered misconduct.