IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEXANDER A. GEORGE,<br><br>             Plaintiff,<br><br>vs.<br><br>JEANIE H. GEORGE,<br><br>             Defendant. | **8:23CV56**<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff/Counter-Defendant Alexander A. George's ("Alexander") Motion to Disqualify, Filing No. 64, in which Alexander requests Defendant/Counter-Plaintiff Jeanie H. George's ("Jeanie") attorney, Benjamin M. Belmont, as well as his law firm be disqualified as counsel for Jeanie. Also before the Court is Jeanie's Motion to Compel, Filing No. 80, Alexander's Motion to Compel, Filing No. 83, Alexander's Motion for Judicial Notice, Filing No. 85, and Jeanie's Motion for Protective Order. Filing No. 87.

## BACKGROUND

On February 10, 2023, Alexander filed a pro se complaint against Jeanie. This complaint alleged claims for defamation, fraudulent misrepresentation, and intentional infliction of emotional distress. On February 28, 2023, Plaintiff amended his complaint to add her attorney, Benjamin M. Belmont, as a defendant. The amended complaint asserted claims of defamation (against all defendants), defamation (against Belmont only), seizure of property without due process (against Belmont only), fraudulent misrepresentation (against all defendants), and intentional infliction of emotional distress (against all defendants). A detailed background of the allegations set forth in the complaint and amended complaint is set forth in in this Court's order on the motions to dismiss. Filing No. 42.

1

After the Court ruled on Jeanie and Belmont's motion to dismiss, Jeanie filed an Answer that included counterclaims for defamation and libel. Filing No. 43. In August 2024, Attorney Stephen Olson entered an appearance as an attorney for Alexander regarding the counterclaims. Filing No. 60. As referenced in communications between Olson and Belmont, Olson was retained by State Farm Insurance to represent Alexander on the counterclaims alone. Filing No. 82-3.

## ANALYSIS

I. **Alexander's Motion to Disqualify (Filing No. 64).**

Alexander filed a motion requesting this Court disqualify Benjamin M. Belmont, as well as his law firm Brodkey, Cuddigan, Peebles, Belmont & Line, LLP (the "Firm"), as counsel for Jeanie. Alexander's motion is based upon his argument that Belmont acted as both a defendant and attorney in the above-captioned matter and, as such, has a conflict of interest. Alexander also argues Belmont is a material witness in the matter and that Belmont has conflicts due to the manner in which he responded to discovery. Alexander argues Belmont's individual conflict is also imputed to the Firm because he remains associated with the Firm. Alexander also seemingly requests sanctions and for this court to strike all of Jeanie's opposition briefs and "motions for permission for restrictive filing."

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying counsel of choice should be imposed only when absolutely necessary." *Macheca Transport Co. v. Philadelphia Indemnity Ins. Co.,* 463 F.3d 827, 833 (8th Cir. 2006) (quotation omitted). Decisions to disqualify a party's chosen counsel will be met with "particularly strict scrutiny" due to the potential for abuse. *Droste v. Julien*, 477 F.3d 1030, 1035 (8th Cir. 2007). "The decision to grant or deny a motion to disqualify an attorney rests in the discretion of the district court." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1154 (8th Cir. 1999) (quotation omitted). "This Court has

2

found that the ethical rules adopted and interpreted by the Nebraska Supreme Court do not govern the substantive legal question of whether a lawyer should be disqualified from representing a client in a case pending in federal court." *Kent v. Warner*, 2024 WL 1989039 at *2 (Mar. 22, 2024) (internal quotations omitted).

As an initial matter, Alexander must demonstrate he has standing to bring a motion to disqualify based upon a perceived conflict of interest between Belmont and Jeanie. Typically, a party shows standing by demonstrating he will be prejudiced by the conflicting representation, but a party may also show standing when there is a "perceived threat to the fairness of the proceeding" because the conflicted parties are not aware of or are unable to appreciate the seriousness and injustice of the conflict." *Nebraska Data Ctrs v. Khayet*, 2018 WL 2050567 at *2 (D. Neb. April 24, 2018) (citing *Hawkes v. Lewis*, 586 N.W.2d 430, 436 (1998), overruled on other grounds, *Heckman v. Marchio*, 894 N.W.2d 296 (2017)). There is no evidence indicating Alexander is a former or current client of Belmont or the Firm. Moreover, there are no facts indicating Alexander will be adversely prejudiced by Belmont's continued representation of Jeanie. Furthermore, the undersigned does not find the alleged conflict to be so serious to reach the level of severity as described in *Hawkes* so that it would be necessary for a third party to advise Jeanie of such conflict. As such, the undersigned finds Alexander does not have standing to bring the argument at issue and the motion should be denied on that basis alone.

Even if Alexander did have standing to bring this motion, the undersigned does not believe Alexander has sufficiently shown a conflict exists so that this Court should disqualify Jeanie's chosen counsel. Belmont is no longer a defendant in the above-captioned case, having been dismissed on March 29, 2024. Filing No. 42. There is no evidence indicating that Belmont's short-lived involvement as a party created a serious conflict between him and his client. Any complaint regarding Belmont or the Firm's "threats" or behavior throughout the discovery

process are not a basis for disqualification of Belmont given the fact that the Court has not been presented with any information indicating the actions Belmont took were without a good faith basis. *See i.e. Nebraska Data Ctrs., LLC v. Khayet*, 2018 WL 2050567 at *6 (D. Neb. April 24, 2018).

Finally, Alexander has not provided the Court with any evidence indicating Belmont is, in fact, a material witness. *See Turner v. AIG Domestic Claims, Inc.*, 823 F.Supp.2d 899, 907 (D. Neb. Oct. 18, 2011) ("First, pretrial disqualification is generally inappropriate unless the lawyer is a 'necessary witness – that is, (a) the lawyer must be 'necessary' in the sense that there are things to which he is the only one available to testify and (b) the jury will likely become aware of the lawyer's dual role. Second, even if the lawyer is the only one able to provide the evidence, if the jury may not know of the lawyer's dual role at the time of trial, pretrial disqualification is inappropriate if the disqualification works a substantial hardship upon the party employing that lawyer when that hardship is balanced against the interests of the adversary."). Namely, Alexander has failed to provide the undersigned with information indicating Belmont would be the only one available to testify to certain facts.

Upon review, the undersigned finds that none of the reasons delineated by Alexander warrant disqualifying Jeanie's chosen counsel and, for the reasons set forth herein, Alexander's motion to disqualify will be denied. Any request for sanctions associated with this motion will also be denied. Any requests to strike Defendant's brief in opposition to this motion will be denied as the Court finds no basis for such.

II.     **Jeanie's Motion to Compel (Filing No. 80).**

Jeanie filed a Motion to Compel, requesting the Court order Alexander to: (1) fully and completely answer Interrogatory Nos. 1 through 13; (2) submit his answers to Interrogatories under oath; (3) to produce all documents referred to in

4

response to his Requests for Production of Documents Nos. 1 through 6 and 8 through 15; (4) to overrule Alexander's objection to Request No. 7; and (5) requesting a sanction against Alexander which includes attorney's fees and reasonable costs.

### A. Interrogatory Nos. 1 through 13.

The undersigned has reviewed the Interrogatories at issue as well as Alexander's answers to such. Though Alexander's responses are fairly illegible, the Court has reviewed each response carefully and finds there is no evidence that Alexander timely objected to any of these interrogatories. The time to object has passed and, given no good cause for an untimely objection has been provided, the court finds all objections are waived. Fed. R. Civ. P. 33(b)(4). As such, Alexander is ordered to answer each of these interrogatories in full. The Court will note answers such as "stated in complaint" or "answered" are not appropriate responses to the interrogatories. Alexander must fully answer each interrogatory.

Alexander is ordered to ensure his supplemented responses to these interrogatories are legible and, if possible, typed.[1] If Alexander is unable to type the answers to these interrogatories, Alexander must ensure his handwritten answers are readable. A number of answers, as they currently stand, are not entirely readable. If, after resubmitting his answers, Jeanie's counsel still indicates they are illegible, Alexander is to work with Jeanie's counsel to relay the content of his interrogatory responses.

Jeanie has requested Alexander answer his interrogatories under oath. This is required pursuant to Fed. R. Civ. P. 33(b)(3). Plaintiff is ordered to answer the interrogatories under oath.

---

[1] Alexander has indicated he is open to resubmit typed responses.

### B. Request Nos. 1 through 6 and 8 through 15.

The undersigned has reviewed the Requests for Production of Documents at issue as well as Alexander's Responses to such. Outside of Request No. 7, which is addressed below, the undersigned does not see any objections have been asserted. The evidence indicates Alexander has not provided Jeanie with any of the documents referenced in his responses. Alexander is ordered to fully respond to these Requests. As with the answers to interrogatories, Alexander is ordered to ensure his supplemented responses are legible and, if possible, typed. If, after resubmitting his answers, Jeanie's counsel still indicates the responses are illegible, Alexander is to work with Jeanie's counsel to relay the content of his responses. Alexander is also ordered to provide any documents referenced in his responses as is required pursuant to Fed. R. Civ. P. 34.

### C. Request No. 7.

Request No. 7 requests "all documents of any insurance policy, including its declarations, that may provide coverage for all or part of [Jeanie's] counterclaim against [Alexander]." Alexander responded, seemingly with a confidentiality objection accompanied by a profanity. Rule 26(a)(1)(A)(iv) requires a party to provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." As such, the documents requested in Request No. 7 were required to be produced even absent an affirmative request from Jeanie.

As set forth herein, there is evidence indicating State Farm Insurance has retained an attorney to represent Alexander on the counterclaims. Accordingly, it appears at least one insurance policy is responsive to Request No. 7. Alexander is ordered to provide any documents responsive to Request No. 7. The undersigned will note, however, that this Request relates to the counterclaim, to

which Alexander has counsel. Alexander's counsel on the counterclaim should review this Request and work with Alexander to respond in full.

### D. Sanctions.

Jeanie requests sanctions in conjunction with this motion to compel. Fed. R. Civ. P. 37 provides that if a motion to compel is granted, sanctions must be awarded to the moving party absent certain exceptions. In support of this request, Jeanie provides the Court with evidence setting forth instances of Alexander responding to requests for discovery remedies with profanities. Both parties are warned that if either communicate with each other using profanities or disrespectful language moving forward the Court will consider appropriate sanctions.

The undersigned recognizes Alexander is pro se. Nonetheless, Alexander is still required to follow the Federal Rules of Civil Procedure, this Court's local rules and, further, to confer in good faith regarding discovery disputes. Conferring in good faith does not include responses involving profanities and the undersigned will not tolerate either party behaving in this fashion.

The undersigned will not issue sanctions because of the Court's order on this motion to compel solely due to Alexander's pro se status and indications, in his briefing, that he will fully answer the discovery as ordered by the Court. However, should Alexander not fully comply with this order and provide Jeanie with the information ordered herein within the time period ordered herein the Court will seriously consider the imposition of sanctions, including but not limited to dismissal of the above-captioned matter.

### III. Alexander's Motion to Compel (Filing No. 83).

Alexander filed a Motion to Compel requesting Defendant *Belmont* respond to certain discovery requests and appear for a deposition. Alexander also requests sanctions. First, it is worthwhile to note that all claims against Belmont were dismissed by this Court on March 29, 2024. Filing No. 42. Any interrogatories,

requests for admissions, and/or requests for production of documents directed at Belmont are improper and need not be answered given his dismissal from the suit. This request set forth in the motion to compel is denied.

Alexander also mentions allegedly insufficient discovery answers and baseless objections asserted in response to his discovery. Assuming this is related to discovery responses and objections asserted by Jeanie, the undersigned will also deny the motion to compel.

On August 22, 2024, Alexander filed a Motion to Compel. Filing No. 65. Upon review of the motion and associated briefing, the Court reminded the parties of this Court's local rules which provide that: (1) any factual assertions must be supported by evidentiary materials and (2) a party must identify and authenticate any documents offered as evidence with an affidavit. This was done because the undersigned did not have in front of her the discovery and responses and objections at issue. Filing No. 74. The Court provided the parties with a deadline to serve any evidentiary materials related to the motion to compel. *Id.* Alexander filed evidentiary support but did not provide this court with the discovery or responses and objections at issue, making it impossible for the Court to substantively rule on the motion. As such, the Court denied Alexander's motion because he did not submit the disputed discovery requests. *Id.*

Despite explicitly advising Alexander of what the Court needs to rule on a Motion to Compel (i.e., the discovery requests and responses and objections at issue), these documents have still not been provided to the Court. As such, the motion to compel any responses to written discovery is denied.[2]

---

[2] The numerous filings currently before the Court include the written discovery requests allegedly served by Plaintiff. However, the Court has not been provided with the responses and objections by Defendant which are at issue.

Alexander next argues that Belmont should be compelled to sit for a deposition. In support of this argument, Alexander argues Belmont is a material witness. "[F]ederal courts have disfavored the practice of taking the deposition of a party's attorney" and have made clear that "the practice should be employed only in limited circumstances." *AGI Suretrack LLC v. Farmers Edge LLC*, 2024 WL 691920 at *1 (D. Neb. Feb. 20, 2024) (quotations omitted). "Under to *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986), to depose opposing counsel, the movant must show that: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of this case." *AGI*, 2024 WL 691920 at *1. Alexander has not proven these elements.

Though Alexander argues Belmont has waived privilege by submitting an affidavit in support of the motions currently pending before the Court, the affidavits were submitted solely to authenticate and identify exhibits in support of Jeanie's arguments concerning the pending motions. None of the information set forth in these affidavits is "crucial to the preparation of this case." Alexander has provided no evidence indicating Belmont is, in fact, a material witness.

For the reasons set forth herein, Alexander's motion to compel is denied.

### IV. Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion to Compel (Filing No. 85).

Plaintiff filed a document entitled "Request for Judicial Notice in Support of Plaintiff's Motion to Compel." Filing No. 85. In this document, Plaintiff appears to request the Court: (1) strike Belmont's "threat" to file a motion for protective order or order sanctions in relation to matters associated with this action; and (2) reconsider its prior order denying Alexander's motion to compel.

The Court will first address Alexander's request the Court strike Jeanie's filings and/or order sanctions due to any "threats" by Jeanie and/or Belmont. The

information regarding the "threats" Alexander has provided to the Court do not rise to a level that would require the Court to take affirmative action. Based upon the evidence presented to the Court, the documents provided are not "threats" or improper "harassment" but, merely, notice of legal consequences Jeanie would pursue if certain actions did not occur.[3] In fact, based upon the information before the Court, Jeanie has a good faith basis to move forward with these actions, especially given the rulings set forth in this Order. Based upon the evidence before the Court, no sanctions are warranted against Jeanie or her counsel and any request to strike Jeanie's briefing is denied.

To the extent Alexander is requesting the Court amend the written discovery deadline, the Court will deny such request. The Court may only modify a Rule 16 scheduling order "for good cause." Fed. R. Civ. Proc. 16(b)(4). To determine whether good cause exists, the Court considers "the movant's diligence in attempting to meet the order's requirements." Yang v. Robert Half Int'l, Inc., 79 F.4th 949, 960 (8th Cir. 2023), *reh'g denied*, No. 22-2592, 2023 WL 6313679 (8th Cir. Sept. 28, 2023) (quoting Hartis v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)). "A district court may also consider the existence or degree of prejudice to the party opposing the modification." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Alexander has set forth arguments in relation to his diligence in his briefing, namely, that he faces health struggles and has attempted to comply with court-ordered deadlines. However, even if the Court found Alexander has sufficiently proven his diligence, substantial prejudice would result from reopening written discovery in this instance. Pursuant to the evidence before the Court, the untimely

---

[3] Alexander mentions that counsel served him with discovery related to the Jeanie's counterclaims, which was improper because he has counsel in relation to his counterclaim defense. It is unclear from the evidence whether Alexander was served this discovery pursuant to a certificate of service (given the fact that he still represents himself pro se on his affirmative claims) or whether this discovery was only served upon him.

written discovery at issue has already been served and answered by Jeanie. Under the circumstances set forth to the Court, the court finds no good cause to reopen the written discovery deadline.[4] To the extent Alexander requests such, that motion is denied.

Alexander also seemingly requests relief pursuant to Fed. R. Civ. P. 60, regarding this Court's prior order denying his motion to compel. Alexander bases this argument upon his "excusable neglect." Rule 60(b) "vests wide discretion in the courts." Buck v. Davis, 137 S. Ct. 759, 777 (2017) (internal quotations and citations omitted). The term "excusable neglect", pursuant to Rule 60(b)(1), "is generally understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (citations omitted). "To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." Noah, 408 F.3d at 1045. "Neither mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect." Id.

Here, although Alexander is a pro se party he is required to follow the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff was reminded of that requirement and, further, was provided links to these rules in this Court's April 29, 2024 Progression Order. Filing No. 45. Moreover, after filing a motion to compel that did not include evidence supporting the alleged facts—as is required by the local rules—this Court entered an order providing Alexander with

---

[4] The Court notes Alexander's request that all "discovery-related communications and deadlines be set forth by the Court, and that any unilateral demands by opposing counsel be disregarded unless explicitly authorized by a court order." Filing No. 85. This Court has already entered a Progression Order which sets forth the Court's deadlines relevant to this case. Any deadlines that are not governed by the Court's Progression Order, the Federal Rules of Civil Procedure, this Court's Local Rules, or other caselaw, can be set amongst opposing parties so as to ensure the timely and efficient resolution of the above-captioned case.

11

the opportunity to serve evidentiary materials in support of his motion to compel. Filing No. 74. Though Alexander filed some documents to allegedly support his motion to compel prior to the deadline (indicating his awareness of the Court's deadline and ability to comply with such), he did not provide the Court with the discovery requests and objections at issue. Alexander has communicated to the Court that he has "extraordinary health circumstances." However, the Court is unclear as to how these health issues play into the deadlines set, especially when Alexander did, in fact, file documents in response to this Court's order. Moreover, to date, this Court has yet to receive a copy of the responses and objections at issue.

Given the circumstances, the Court does not find excusable neglect exists and, further, finds no evidence illustrating a showing of good faith or reasonable basis for not complying with the rules. To the extent Alexander is moving the Court to reconsider its Order on his Motion to Compel, the motion is denied.

### V.  Jeanie's Motion for a Protective Order (Filing No. 87)

Jeanie moves for a Protective Order and/or Motion to Quash Alexander's discovery requests which were filed with the Court on October 7, 2024.[5] Filing No. 79. Pursuant to Fed. R. Civ. P. 26(c), "[a] party . . . from whom discovery is sought may move for a protective order" and "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery."

Jeanie argues the discovery is untimely pursuant to the Court's April 29, 2024 progression order. Filing No. 45. The Court agrees. The deadline for *completing* written discovery, pursuant to the current progression order was

---

[5] Alexander argues the discovery was served upon Defendant on October 3, 2024. However, this date would not change the court's analysis that such discovery was untimely.

12

October 11, 2024. The discovery was not served with an appropriate time to answer prior to the deadline to complete written discovery. *See Bauer v. Aetna Life Ins. Co., 2015 WL 4605705 at *3 (D. Neb. July 30, 2015)* (when a discovery deadline is set, "discovery should be served 'sufficiently in advance of the deadline [ ] such that the responses are due by the deadline for completion of discovery.'") (citations omitted). Jeanie also points out the discovery at Filing No. 79 is identical and duplicative of discovery Alexander has already served upon Jeanie and which Jeanie has responded. The Court has reviewed the discovery at issue and agrees that, based upon the evidence before it, such discovery is identical. Jeanie's motion for a protective order regarding the written discovery filed with the Court on October 7, 2024, Filing No. 79, is granted. Neither Jeanie nor Belmont need to respond to such discovery.

Moreover, any additional written discovery served in this matter is untimely unless otherwise ordered by the Court. The deadline to complete written discovery has passed and this Court has not extended such deadline. Absent order from the Court, any written discovery served by either party need not be answered.

Jeanie also seeks a protective order regarding Alexander's request to depose her attorney, Benjamin Belmont. For the reasons addressed above, Alexander has not proven Belmont is a material witness in this matter. Jeanie's motion for a protective order regarding Alexander's request for a deposition of Belmont is granted.

Accordingly,

1) Alexander's Motion to Disqualify, Filing No. 64, is denied;
2) Jeanie's Motion to Compel, Filing No. 80, is granted as set forth herein. Alexander is to supplement his answers to Jeanie's interrogatories and responses to Jeanie's Requests for Production of Documents, as set forth herein, by December 18, 2024;

3) Alexander's Motion to Compel, Filing No. 83, is denied;

4) Alexander's Motion for Judicial Notice, Filing No. 85, is denied;

5) Jeanie's Motion for Protective Order, Filing No. 87, is granted as set forth herein.

IT IS SO ORDERED.

Dated this 19th day of November, 2024.

                                            BY THE COURT:

                                            *s/ Jacqueline M. DeLuca*
                                            United States Magistrate Judge